**Charles E. JAMES, Petitioner,**

v.

**Laraine L. JAMES, Respondent.**

Supreme Court of Pennsylvania.

April 11, 1996.

William A. Hebe, Wellsboro, for Petitioner.

**ORDER**

PER CURIAM.

AND NOW, this 11th day of April, 1996, the Petition for Allowance of Appeal is granted. The case shall be submitted on briefs. Argument is restricted to the following question:

1. Where a spouse has a pension which is partially marital property and partially

---

1. I believe that the majority's attention to Officer Moore's failure to "further inquire as to whether Appellant was fit to drive" is misplaced. Op. at 918. Based on Cressley's statement that she had the keys, there was no reason to investigate further. By failing to inquire further, it can be reasonably assumed that Officer Moore believed Cressley's assurances that everything was alright and that the situation, at least for the time being, did not warrant further action on his part. This is especially true in this case where Officer Moore testified that he knew Cressley and had no reason to believe that she would lie to him. (R.R. at 7a, 30a). Thus, it would have been perfectly reasonable for the officer to believe that either Cressley or the other woman would have driven Appellant home or that Appellant was going to wait and sober up before driving.

separate property, and where the pension right is vested under a contract which involves the purchase, during the marriage, of time-of-service in exchange for an ongoing reduction of pension payments, should the purchased time-of-service be treated as—

a. purchased with marital property;

b. purchased with separate property except for the amount of payment reductions incurred during the marriage; or

c. irrelevant with respect to determining the fraction of the pension which is marital property and the fraction which is treated as separate property?